WEST (VARNER v.). See Case No. 16,885.

WEST (VOWELL v.). See Case No. 17,024.

WEST (WRIGHT v.). See Case No. 18,102.

WEST, BRADLEY & CARY MANUF'G CO. (DOUGHTY v.). See Case No. 4,030.

---

## Case No. 17,428.

### WESTBROOKE v. ROMEYN.

[Baldw. 196.] [1]

Circuit Court, D. New Jersey. Oct. Term, 1830.

CONSTRUCTION OF DEED—ESTATE TAIL—CONTINGENT REMAINDER—LIMITATION TO SURVIVORS.

1. A, by deed, in 1766 conveyed the premises in question to his son M, and the heirs of his body lawfully begotten, and in default of such issue to the surviving sons and daughters of A, in the following shares and proportions; two shares to a son and one share to a daughter, and the heirs of their bodies respectively; and in case either of the sons or daughters die without issue, their shares to go to the survivors in the same proportions, and in default of issue of the survivors, to the right heirs of A. A had

---

[1] [Reported by Hon. Henry Baldwin, Circuit Justice.]

four sons and three daughters who survived him; they all died before M except one daughter. M died without issue in 1818, leaving a sister (the mother of the defendant), who survived him. Held, that the plaintiff, a son of a deceased brother of M, was not entitled to any share of the estate, his father having died before M.

[Cited in Hill v. Rockingham Bank, 45 N. H. 273.]

2. The remainder to the surviving sons and daughters of A was contingent, the words of survivorship referring to the death of M without issue.

3. Whether the right heirs of A were entitled to any part, quære.

The cause came before the court on the following case stated by counsel: (1) Abraham Van Campen, Esq., the maternal grandfather of the defendant, by deed of gift, bearing date on the 26th day of November, A. D. 1766, conveyed, amongst other lands, premises in question to his son Moses Van Campen, with the following habendum clause, that is to say: "To have and to hold the said messuage, plantation, and the several tracts or pieces of land above described, hereditaments and premises hereby granted or mentioned so to be, with the appurtenances, unto the said Moses Van Campen, and to the heirs of his body lawfully begotten or to be begotten; and in default of such issue, then to the surviving sons and daughters of the said Abraham Van Campen, Esq., in the following shares and proportions, namely, to a son two shares, and to a daughter one share, and to the heirs of their bodies lawfully begotten or to be begotten, respectively; and in case any or either of the said sons or daughters of the said Abraham Van Campen, Esq., shall die without legal issue, then their share or shares, proportion or proportions, to go to the survivors and their heirs, in the manner, shares and proportions aforesaid; and in default of issue in them, the said surviving sons and daughters of the said Abraham Van Campen, Esq., then to the right heirs of the said Abraham Van Campen, Esq., for ever." (2) That the said Abraham Van Campen, Esq., had three other sons, to wit: Abraham, John and Benjamin, to whom he gave lands, by like deeds of gifts, at the same time and with the same habendum clause as in the above deed to his son Moses. (3) That the said Abraham Van Campen, Esq., also left three daughters, and that the said Abraham Van Campen died, leaving the said four sons and three daughters him surviving. (4) That the said Moses Van Campen died in the month of July, A. D. 1818, without issue. (5) That at the death of Moses Van Campen, the sons and daughters of the said Abraham Van Campen, Esq., were all dead, except one daughter, Susan Romeyn, the mother of the defendant. (6) That the other two daughters of Abraham Van Campen, Esq., died in the lifetime of Moses Van Campen, each leaving children who are now living. (7) That Benjamin, the son of Abraham, died in the lifetime of Moses, without issue. (8) That Abra-

ham and John, the sons of Abraham, died in the lifetime of Moses, each leaving children, who are now living. (9) That the lessors of the plaintiff are the children of John, the son of Abraham Van Campen, Esq. (10) That the said Susan Romeyn, the mother of the defendant, died before the commencement of this action, leaving the defendant her eldest son, and other children.

It is agreed by the parties, that if, upon the foregoing statements of facts, the court are of opinion that the plaintiff is entitled to recover the premises in question, that judgment shall be rendered for the plaintiff, with costs; and if the court shall be of opinion that the defendant is entitled to hold the premises in question, that then judgment shall be rendered for the defendant, with costs, with liberty in either party to turn this case into a special verdict, for the purpose and benefit of a writ of error.

Mr. Frelinghuysen, for plaintiff.

It was evidently the intention of the donor to give the estate in question to his sons and daughters who survived him, in case Moses died without issue; he created an estate tail in Moses, which on his death devolved on the other children of the donor, without regard to their surviving Moses; provided they survived the donor, their issue take by descent in right of their parents, who had a vested remainder in tail. It is a fundamental rule that, in the creation of estates tail, the intention of the donor shall govern, whether the estate is created by deed or will. 7 Co. 137. The term "survivor," or "surviving," is not a technical term of fixed legal signification, but is to be taken subject to sound rules of construction, applied to all instruments, according to the subject matter and the sense in which they are used by the maker. If the time of survivorship is not definite, it will be referred to such time as, from a view of the whole instrument, shall appear to best comport with the intention, and the particular expression will be taken to have a meaning consistent with the context and other parts of the instrument. Thus a devise to "surviving" children will be construed to mean "other" children, when such appears to be the intent of the testator; and the word "survivor" will be referred to the death of the testator, rather than to the death of the first taker, or the expiration of the particular estate on which the remainder is limited (Roebuck v. Dean, 2 Ves. Jr. 265; Wilmot v. Wilmot, 8 Ves. 10; Barlow v. Salter, 17 Ves. 478; Drayton v. Drayton, 1 Desaus. 324, 331; Pettywood v. Cook, Cro. Eliz. 52); so the word "or" will be construed "and" to effect the intent. White v. Crawford, 10 Mass. 189. There is no distinction between deeds and wills on this subject, the intention of the donor shall prevail, when it violates no rule of law, and the court will supply words of grant which are omitted in a deed when there is an habendum. Bridge v. Wellington, 1

Mass. 219. So where a grant is made in futuro, which could not operate as a deed, the court construed it as a covenant to stand seised. Wallis v. Wallis, 4 Mass. 135. Here there was an apparent intention to provide for his grandchildren, as the issue of the sons and daughters who should survive him; they had a capacity to take the remainder on the death of Moses without issue, and a vested interest transmissible to their children. The case of the plural terms "sons" and "daughters" shows that the donor did not mean to confine the gift to one only, who should survive Moses, but to divide it among all his other children as tenants in common, which import partition, and shall control words of survivorship so as to refer them to the death of the testator, and thereby preserve the tenancy in common. Russell v. Long, 4 Ves. 551. "Ut res magis valeat quam pereat." By referring the survivorship in this case to the date of the deed, or the death of the donor, there is a vested remainder in tail in his children, which is not defeated by the death of any of them before the happening of the contingency on which it was to vest in possession. 10 Mod. 419; 1 Strange, 139; 2 Wils. 29.

Mr. Williamson and Mr. Wood, for defendant.

Where a remainder is limited to a determinate person, who has a present capacity to take, and is ascertained before the contingency happens, the remainder is vested; but if the remainder is limited to a person not ascertained before the contingency, he can have no present capacity to take, and the remainder is necessarily contingent. Here an estate tail is given to Moses, with remainder to the surviving sons and daughters of the donor, who cannot be ascertained till his death. Though the word "survivor" is not a technical term, it has a definite meaning, outliving another, as it here means those who outlive Moses. This is the general rule, to which there are exceptions, where the manifest intention of the will indicates a different meaning, and in cases where a different construction is necessary to preserve a tenancy in common, created in another part of the will, or to prevent a lapse by the death of the devisee in the lifetime of the first taker. Then the survivorship is referred to the death of the testator, otherwise it is referred to the period of enjoyment and distribution, at the expiration of the particular estate on which it is limited. 2 Ves. Jr. 265; 4 Ves. 551; Daniell v. Daniell, 6 Ves. 297; Jenour v. Jenour, 10 Ves. 562. There must be a special intention to refer the survivorship to the death of the testator, or a direct and immediate gift to take effect in interest, and the possession only postponed where no previous interest is given in the thing devised. Cripps v. Wolcott, 4 Madd. 11, 14; Davidson v. Dallas, 14 Ves. 576. In this case there can be no lapse, as the estate passed by a deed which took effect by delivery of the donor; there was no direct or immediate gift to the other sons, the enjoyment of which

was suspended during the life of Moses, or which could be defeated by referring the survivorship to his death; and there was a previous interest given to him in the thing granted: nor is there any special intent to be inferred from any part of the deed, to justify a departure from its plain words. Smith v. Parkhurst, 3 Atk. 136. The plaintiffs, being the grandchildren of the donor, are not entitled by the terms "sons" and "daughters;" there is no intention to provide for them in any way, expressed or to be implied; on the contrary, the intent is apparent, to provide only for the living children at the death of Moses. The limitation to his right heirs on the death of his sons and daughters, shows the intent that his grandchildren shall take only in that event, and were not included in the first clause. The time when the estate is to vest in the survivors is clearly the death of Moses; "then" it is to go to those who outlive him. Such is the settled construction of the word "then;" it relates to the last antecedent—to the death of the first taker, and not to the date of the deed or the death of the donor. Den v. Schenck, 3 Halst. [8 N. J. Law] 29, 39; Jackson v. Chew, 12 Wheat. [25 U. S.] 153; Hughes v. Sayer, 1 P. Wms. 534; Fearne, Rem. 358. To come within the description of persons entitled to this remainder, the plaintiff must be a son or daughter of the donor who outlives Moses, he must fill the character both of son and survivor, before any interest can vest; but the plaintiffs filled neither character, nor could their father be the survivor of Moses, when he died before him. The remainder was necessarily contingent, till some one could fill that character, and could never vest till the contingency happened, for till then no one could have a present capacity to take. As the defendant survived all her brothers, she is entitled to take the whole; the use of the words "sons" and "daughters" in the plural makes no difference. Fearne, Rem. 239, 312; 1 Show. 91. Where property is given to a class or description of persons, and there is one who comes within the description, he takes the whole. Doe v. Sheffield, 13 East, 526, 533; Jackson v. Myers, 3 Johns. 392; Den v. Crawford, 3 Halst. [8 N. J. Law] 99, 100. But it is immaterial whether the defendant is entitled as sole survivor or not; as the plaintiffs have shown no title in themselves, there must be judgment for defendant.

BALDWIN, Circuit Justice. It is admitted, and cannot be doubted, that an estate tail was vested in Moses Van Campen. The only question is, whether any interest passed on his death without issue to the children of his brothers who died before him, or whether the whole estate vested in his sister, who survived him.

1. Taking the words of the deed in their plain, obvious meaning, without regard to their legal signification, there would be no difficulty in understanding them. The plaintiffs are not sons or daughters of the donor, they cannot therefore take as the persons referred to and described as such; if they take, they must take by descent from their father, an estate which was vested in him in his lifetime, so as to be transmissible to his children by the act of the law. The words of the deed direct, that the estate shall go to the surviving sons and daughters, on the death of Moses without issue; the word "then" denotes the time when the interest vests in them to be at his death, as well as the persons to take, that is, those who shall then be the survivors of Moses. The mode of division, is also a clear indication that no provision could be made for grandchildren; the sons were to have two shares, and the daughters one share, and the next limitation is of the same nature, "if any of the said sons or daughters shall die without lawful issue, their shares to go to the survivors in the same manner and proportions." The limitation over to the right heirs of the donor, is also on the death of all the surviving sons and daughters, which must mean those who survive Moses in the first place, and next those who survive each other. In thus passing the estate from Moses to all the survivors, from survivor to survivor, and from the last survivor to the right heirs of the donor, there is no limitation in favour of the descendants of any son or daughter, until the death of all without issue. To prevent the estate from going to the right heirs, there must be in existence the issue of a surviving son or daughter of the donor; the issue of one who did not survive some one, could not prevent the right heirs from taking. As the estate passed by deed, it took effect by delivery, and would have vested in the sons and daughters who survived Moses, though they had all died in the lifetime of the donor. Had it been his intention to refer the survivorship to his own death, or to give an interest after the death of Moses to all his children who were alive at the delivery of the deed, or the donor's death, he would have omitted the word "surviving." But as he has used it in the three limitations, first, on the death of Moses, second, on the death of any survivor, and third, on the death of all the survivors, it is obvious that it was intended to have its well understood and natural meaning, and apply to those sons and daughters who should outlive or survive Moses. To give it any other meaning, would be in effect to erase it from the deed, as no other period of division is in any manner referred to in the deed, and no words or expression used which denote any intention of the donor that the estate should vest in interest before the death of Moses, to be enjoyed afterwards. Were we to substitute "other" for "surviving." it would be going further in a court of law in a deed, than courts of equity have done in a will; such substitution is made only where the plain intention of the testator, or some other provision of the will would be defeated, by giving the words their natural meaning. As a general rule, words of survivorship relate to the time or event when the thing devised is to be

distributed or enjoyed, and not to the time when the will took effect by the testator's death. Their reference to the latter period, is to effectuate some special intent, to preserve an estate previously given, or to prevent a lapse, which are exceptions to the rule; but none of them exist in the present case, and were it the will of Mr. Van Campen, we could not, consistently with the rules of courts of equity, give it the construction contended for by the plaintiff's counsel. 1 Rop. Leg. 426; vide Lambson v. Boileau [Case No. 8,030].

The plain effect of the deed is to create an estate tail in Moses, with remainder over to the surviving sons and daughters of the donor; here is a double contingency, the death of Moses without issue, and the survivorship of his brothers and sisters, on the happening of which the remainder depended. Both were uncertain, and must continue so till the death of Moses; and as the only right which could exist was to take the estate when the two contingencies took place, on which alone it depended, the remainder was necessarily contingent. Till the contingency vested the estate, the remainderman was not ascertained, and on one could fill the description of the donor, so as to be capable of taking a present vested interest, with the right of future enjoyment, till he became the survivor, which could not be till the death of Moses; it was uncertain who could be the survivor, nor could there be a capacity in any one to take during his lifetime, as he might survive all his brothers and sisters.

2. Testing this limitation by the established rules of law, we cannot doubt that the remainder is contingent. "The present capacity of taking effect in possession, if the possession was to become vacant before the estate limited in remainder determines, universally distinguishes a vested remainder from one that is contingent." Fearne, Rem. 215. "A point common to all limitations of remainders, either by deed or will, and either by the rules of the common law or under limitations of uses, is, that no persons or class of persons can take under a remainder unless such persons or class of persons come in esse, or being in esse shall be capable of taking vested interests, before the determination of the prior particular estate, by which the remainder is supported." 1 Prest. Est. 59. The rule cannot be more accurately laid down than in the words of a distinguished jurist. "In every vested remainder the capacity to take the possession arises before the right to take it. That capacity exists as soon as there is a person in esse who meets the description of the remainderman, and nothing is interposed between him and the possession except the particular estate, while the right to take it is yet in suspense, till the determination of the particular estate. And as soon as a remainderman is presented who meets the description of the limitation, and between whom and the possession nothing stands but the particular estate, the remainder vests in interest, though it

may chance never to come into possession." Mr. Wirt arguendo [Carver v. Jackson], 4 Pet. [29 U. S.] 62. As the father of the plaintiffs died in the lifetime of Moses, he did not meet the description of the limitation as a survivor, which was the only character in which he could have any capacity to take a vested interest. The terms of the limitation required that, on the death of Moses without issue, there should be a son or daughter of the donor in esse, to meet the description of the remainderman; we cannot so construe the deed as to make a deceased brother a surviving one.

3. If we felt at liberty so to construe this limitation as to give a vested remainder in tail to all the children of the donor who survived him, the other limitations would prevent our doing so. The donor has carried on the whole estate in remainder, from survivor to survivor, and on the death of all his surviving children, has limited it to his right heirs; these limitations will be defeated, if any part of the estate goes to the children of those who did not survive the contingency on which it was to be divided or carried over. Taking the limitations of the will in their legal acceptation, we are therefore clearly of opinion that there was no vested interest in those who died before Moses, for the want of a capacity to take a vested remainder. There are no words in this deed from which a shifting or springing use can be raised in favour of the plaintiffs; this could be done only after the first limitation had expired, for the want of persons capable of taking, under it, and in order to preserve the estate. For where an estate can take effect as a remainder, a springing use will not be raised, nor can there be such a use in one part, and a remainder in the other. Here the whole estate could, and did vest as a remainder in the survivor, by the happening of the event on which it was limited, and no part of it can be shifted to the plaintiffs, either by right of descent or as purchasers under the deed. All the limitations to the survivors are in tail, the word "issue" is, throughout, used as a word of limitation, denoting the quantity of estate given, not the person to take, either by name, description or descriptive designation, so as to afford the least ground for considering the plaintiffs as purchasers. If they could take in any event, it must be by descent, but as no interest was vested in John Van Campden, their father, they can recover nothing.

It has been contended, that as Mrs. Romeyn was the sole survivor. she could not take the whole estate; but as the plaintiffs are not the right heirs, or heirs at law, of the donor. it can make their case no better, though the last limitation over to the right heirs may have taken effect. as the plaintiffs must recover on the strength of their own title.

We are happy in this case in being able to concur with the late learned chancellor of this state in his opinion on this deed; we should have departed from it only in obedience to higher obligations, our duty as well as

inclination being at all times to conform to the course of adjudication in state courts, unless they are clearly opposed to the settled rules of law.

Judgment must be entered for the defendant.